IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANDEEP BISWOKARMA,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN *et al.*,<br><br>Defendants. | 3:26-CV-3502-Z |

**STANDING ORDERS**

This case is subject to the following Standing Orders. Failure to comply with these Standing Orders may result in adverse consequences, up to and including dismissal or entry of default judgment.

**I. Local Rules**

Absent a contrary order of the Court, the Parties shall comply with the Local Civil Rules of the United States District Court for the Northern District of Texas ("Local Rules"). A digital copy of the Local Rules is available at https://www.txnd.uscourts.gov/civil-rules. While these Standing Orders call attention to some particularly important Local Rules, it remains the responsibility of the Parties to comply with all Local Rules, Federal Rules of Civil Procedure, and any other applicable rules, in addition to these Standing Orders.

**II. Service of the Complaint and Standing Order**

If it has not done so, Plaintiff(s) must promptly serve the Complaint in accordance with Federal Rule of Civil Procedure 4. Plaintiff(s) shall file proof of service or waiver with the Court, in accordance with Local Rule 4.1. Plaintiff(s) shall also ensure that all Parties receive a copy of this Standing Order.

**III. Requests for Temporary Restraining Order or Preliminary Injunction**

An application for a Temporary Restraining Order ("TRO") and/or a motion for a Preliminary Injunction ("PI") must be made in a separately filed standalone application or motion, styled as such, not merely in the complaint or other pleading. *See* FED. R. CIV. P. 7(b). Any such application or motion must address the well-established four-factor test for injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking [injunctive relief] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Additionally, a party applying for a TRO must (1) show "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) certify "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

**IV. Certificate of Interested Persons**

The Court directs the parties' attention to Federal Rule of Civil Procedure 7.1 and Local Rules 3.1(c), 3.2(e), 7.4, 81.1(a)(4)(D), and 81.2 regarding the requirement to file a Certificate of Interested Persons, the required contents of such Certificate, and the deadlines for filing. The parties shall comply with these rules and deadlines.

**V. Mandatory Certification Regarding Generative Artificial Intelligence**

All attorneys and pro se litigants appearing before the Court must, together with their notice of appearance, file on the docket a certificate attesting either that no portion of any filing will be drafted by generative artificial intelligence (such as ChatGPT, Harvey.AI, or Google Bard) or that any language drafted by generative artificial intelligence will be checked for accuracy, using print reporters or traditional legal databases, by a human being. These

platforms are incredibly powerful and have many uses in the law: form divorces, discovery requests, suggested errors in documents, anticipated questions at oral argument. But legal briefing is not one of them. Here's why. These platforms in their current states are prone to hallucinations and bias. On hallucinations, they make stuff up—even quotes and citations. Another issue is reliability or bias. While attorneys swear an oath to set aside their personal prejudices, biases, and beliefs to faithfully uphold the law and represent their clients, generative artificial intelligence is the product of programming devised by humans who did not have to swear such an oath. As such, these systems hold no allegiance to any client, the rule of law, or the laws and Constitution of the United States (or, as addressed above, the truth). Unbound by any sense of duty, honor, or justice, such programs act according to computer code rather than conviction, based on programming rather than principle. Any party believing a platform has the requisite accuracy and reliability for legal briefing may move for leave and explain why. Accordingly, the Court will strike any filing from a party who fails to file a certificate on the docket attesting that they have read the Court's judge-specific requirements and understand that they will be held responsible under Rule 11 for the contents of any filing that they sign and submit to the Court, regardless of whether generative artificial intelligence drafted any portion of that filing. A template Certificate Regarding Judge-Specific Requirements can be found on the Northern District of Texas website, in the Judge Specific Requirements section of Judge Matthew J. Kacsmaryk's page.

All attorneys and pro se litigants who have not already done so **shall file a Certificate Regarding Judge-Specific Requirements within twenty-one days of this Order**. If any attorney or pro se litigant who must file a Certificate enters an appearance after this Order's date, then they shall have twenty-one days from appearance to file a Certificate Regarding Judge-Specific Requirements.

**VI. Removed Actions**

A Defendant removing an action to this Court must refile as a supplement to the Notice of Removal the original Complaint and any Answer and must promptly ensure that all parties receive a copy of this Standing Order. Any motions pending at the time of removal must be refiled in this Court by the Party seeking relief for the motion to be considered. *See* FED. R. CIV. P. 81(c).

**VII. Application for Admission**

An eligible attorney who is not admitted to practice in this Court and wishes to make an appearance shall apply for admission *pro hac vice* on a court-approved form and pay the applicable fee, unless exempted by Local Rule 83.11. *See* N.D. TEX. LOC. R. 83.9.

**VIII. Local Counsel**

Unless otherwise ordered by the District Judge, the parties to this action, including parties that may be joined to the action in the future, are **EXEMPT** from the Local Counsel requirement of the Local Rules. *See* N.D. TEX. LOC. R. 83.10(a).

**IX. Formatting and Citations**

All briefs filed with the Court shall comply with the most recent editions of: (1) The Bluebook: A Uniform System of Citation; and (2) the Greenbook: Texas Rules of Form. Specifically, counsel are directed to provide, where applicable, the subsections of cited statutes and pinpoint case citations, i.e., provide the page where the stated legal proposition can be found. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B10.1.2, at 13 (Columbia L. Rev. Ass'n et al. eds., 22nd ed. 2025) (regarding pinpoint citations); *id.* R. 3.3(a), at 76 (regarding subsections). Furthermore, if a brief contains citations to unpublished opinions or to slip-copy versions only available on Westlaw or Lexis, counsel must attach copies of those cases to the brief.

**X. Filing Under Seal**

The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests. *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties asserting whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether. *See Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).

Local Rule 79.3 states "[a] party may file under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. TEX. CIV. R. 79.3(a)–(b). A party may file such a motion under seal and must include the proposed sealed document as an exhibit. N.D. TEX. CIV. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed [as] of the date of the order granting leave, or as otherwise specified by the presiding judge." N.D. TEX. CIV. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C.R. Bard, Inc.*, No. 2:19-CV-180, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). The Fifth Circuit has admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le*, 990 F.3d at 416. The Fifth Circuit explained in *Binh Hoa Le* the two distinct legal standards related to sealed documents:

> The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a

> document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed.

*Id.* at 419 (internal quotations and footnotes omitted); *see also June Med.*, 22 F.4th at 521 (5th Cir. 2022) (explaining that "[d]ifferent legal standards govern protective orders and sealing orders").

The Fifth Circuit further explained that under the stricter balancing test for sealing records at the filing stage:

> judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le*, 990 F.3d at 419 (internal quotations and footnotes omitted); *see also June Med.*, 22 F.4th at 520 (holding that "[p]ublicly available information cannot be sealed").

**If a party does not first request leave, anything filed under seal will be stricken and unfiled**. If a party files a motion for leave to file under seal but fails to meet the appropriate standard outlined in *Binh Hoa Le*, the motion will be denied. The Court will deny any motions simply stating in broad terms that the party seeks to file a document(s) under seal under an agreement between the parties.

The Court's electronic filing system only allows parties to either file an entire document (including any attachments or exhibits) under seal or not under seal. Thus, if a party wishes to file a document with multiple parts (e.g., an appendix with several exhibits), and only some of those parts may be filed under seal, the party must file the sealed portions together and the nonsealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three nonsealed exhibits, that party must:

1. File part one of the appendix, with all the nonsealed exhibits, not under seal (e.g., ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first nonsealed exhibit), ECF 40-2 (second nonsealed exhibit), and ECF 40-3 (third nonsealed exhibit)); and

2. File a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, under seal (e.g., ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (e.g., Exhibit A in an appendix) may not be sealed in full but rather only contains specific sections that may be sealed, then the party must divide that document into multiple documents to ensure that only the document's portions that may be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (e.g., redacting[1] protected portions of the document before filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

**XI. Standard of Dress**

The following attire is prohibited in the courtroom: shorts, flip flops, tank tops, halter tops, T-shirts with graphic writing, hats, sunglasses, and tights/athletic wear. *See* N.D. TEX. LOC. R. 83.16.

**SO ORDERED**.

October 16, 2026.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

[1] The Court notes that some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her Social Security number before filing a document in her appendix in support of her motion for summary judgment. *See* FED. R. CIV. P. 5.2(a).